IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   15-cv-00620-LTB-KTM

ROOFTOP RESTORATION, INC.,

        Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY,

        Defendant.

_____

ORDER
_____

This matter is before me on a Motion To Dismiss filed by Defendant Ohio Security Insurance Company ("Ohio Security"). [**Doc #8**]  Ohio Security seeks dismissal of the complaint filed against it by Plaintiff Rooftop Restoration, Inc., on the basis that it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Oral arguments would not materially assist me in my determination. After consideration of the parties' arguments, and for the reason stated, I GRANT IN PART and DENY IN PART the motion as follows.

**I. Timeliness of Response**

As an initial matter, I first address Ohio Security's assertion that Plaintiff's response to this motion was untimely.  Specifically, it argues that it filed this motion on April 2, 2015, and that Plaintiff's response was due no later than April 27, 2015.  Plaintiff filed its response – without leave of the court  – ten days out of time on May 7, 2015. [Doc #9]  Ohio Security asks that the response be "disregarded" and its motion granted because it demonstrates that Plaintiff's complaint fails to state a legally cognizable claim. [Doc #11]

On December 1, 2015, Plaintiff filed a surreply to the motion, pursuant to my order, addressing its late response. [Doc #13] Plaintiff acknowledges that its response was not timely filed, but argues that the lateness was due to a new calendaring program/computer glitch in which emails about new filings went into a "junk mail" folder and were not timely seen by Plaintiff's counsel. Upon discovering that the Motion to Dismiss had been filed, Plaintiff asserts that its counsel "immediately filed a response." Plaintiff contends – for the first time – that the reason for the late response constitutes excusable neglect under Fed. Rule Civ. P. 60(b)(1). Plaintiff further acknowledges that it should have sought leave from the court to file its belated response, pursuant to Fed. R. Civ. P. 6(b), but that it failed to do so. So, Plaintiff requests that I construe its surreply as a belated motion seeking leave to filed its response out of time. [Doc #13]

While the belated response might have been deemed to be excusable neglect, Plaintiff failed to seek leave to file its response late and didn't acknowledge therein that its response was untimely. This failure is inexcusable, particularly when the circumstances of the late filing make it apparent that counsel was aware that the response was late, but neglected to address the issue with the Court. However, such failure, standing alone, constitutes insufficient grounds to grant Defendant's Motion to Dismiss. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003)(citation omitted)(concluding that a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response). Rather, "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* I review the merits of Ohio Security's Motion to Dismiss, as discussed below, and I decline to dismiss Plaintiff's case on the

sole basis that his counsel's failed to address the lateness of its response.

## II. Background

In its Complaint, Plaintiff asserts that Sikh Dharma of Colorado was the insured on a Property Policy (Policy No. BKS559685111) issued by Ohio Security for replacement cost value on loss to the insured's property. [Doc #5]  On March 27, 2014, a hail/wind storm caused damage to the insured's property.  The insured and Plaintiff requested "timely and full payment for all covered damages arising from the hail/wind storm" from Ohio Security under the Policy. Ultimately, on January 19, 2015, the insured assigned its claim against Ohio Security to Plaintiff. Plaintiff asserts that Ohio Security acknowledged that a covered loss occurred, and has made partial payments, but has refused to pay the entire Proof of Loss claimed of $58,913.10.

Plaintiff asserts two claims against Ohio Security for: 1) Breach of (Insurance) Contract; and 2) Unreasonable Delay or Denial of Payment of Covered Benefits Pursuant to Colo. Rev. Statutes §10-3-1115 and §10-3-1116. [Doc #5]

## III. Standard of Review

A claim will survive dismissal under Rule 12(b)(6) if it alleges a plausible claim for relief; that is, the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

### IV. Breach of Contract

In its motion, Ohio Security asserts that Plaintiff's complaint fails to state a claim for breach of contract upon which relief can be granted. It contends that the insured's assignment of its rights under the Policy to Plaintiff is invalid, as a matter of law, because it is undisputed that they failed to obtain Ohio Security's written consent to do so, as is required by the Policy. The Policy in this case contains the following condition:

> **F. TRANSFER OF YOUR POLICY AND DUTIES UNDER THIS POLICY**
>
> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

Because the insured did not obtain written consent from Ohio Security, Ohio Security asserts that its assignment to Plaintiff is not valid and Plaintiff cannot enforce the insured's rights to payment of its claim in this case. Ohio Security maintains, as a result, that Plaintiff cannot state a claim for breach of contract.

In response, Plaintiff argues that the loss giving rise to damages in this case occurred on March 27, 2014 and the assignment was subsequently signed on January 19, 2015. Because it was a post-loss assignment (as opposed to a pre-loss assignment) it is valid under Colorado law. Plaintiff refers me to the traditional distinction between an assignment of an insurance policy before a loss has occurred, and the assignment of the benefits due to the insured after a loss. As stated in *Parrish Chiropractic Centers, P.C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049, 1053 (Colo. 1994):

> Non-assignment clauses are strictly enforced against attempted pre-loss transfers of the policy itself, because assignments before loss involve a transfer of a contractual relationship and, in most cases, would materially increase the risk to the insurer. By contrast, assignments of post-loss benefits are usually found to be

>valid *regardless of any non-assignment clause in the policy*.
>*Id.* (citations omitted)(emphasis added).

In *Parrish Chiropractic v. Progressive,* the Colorado Supreme Court looked at whether an exception to the rule would, in that case, invalidate a post-loss assignment. Specifically, the Court recognized that "[i]n recent years, several courts have concluded that non-assignment clauses in group health care contracts are enforceable against post-loss assignments to health care providers of the insured's right to receive benefits under the policy." 874 P.2d at 1053. The case upholds post-loss assignments on the rationale of "a strong policy of freedom of contract and the fact that non-assignment clauses are valuable tools in persuading health care providers to keep their health care costs down." *Id.* (citations omitted). As such, "purported assignments of benefits to a health care provider, in the face of a non-assignment clause in a group health care policy, are considered to be void and unenforceable against the insurer." *Id.* at 1053-54. The Court found the exception to be applicable, and so ruled that the post-loss assignment was void and not enforceable. *Id.* In rejecting the Plaintiff's argument "that a non-assignment clause in an insurance policy is unenforceable as a matter of law against post-loss assignments of policy benefits," the *Parrish Chiropractic v. Progressive* Court relied upon the principle that "the public policy in favor of the freedom of contract, and the corollary right of the insurer to deal only with the party with whom it contracted, outweigh the general policy favoring the free alienability of choses in action." 874 P.2d at 1054-55.

    I disagree with Ohio Security that the ruling in *Parrish Chiropractic v. Progressive* "clearly establishes that a non-assignment clause contained in an insurance policy is enforceable, even post loss" and is applicable to this case. The Court in that case specifically noted the rule was that a post-loss assignments are generally valid, and it was applying an "exception."

Furthermore, although its rationale for upholding the non-assignment clause was the public policy in favor of the freedom of contract, it is clear that the authority relied upon by the Court related to non-assignment clauses in group health care contracts as "non-assignment clauses are valuable tools in persuading health care providers to keep their health case costs down." *Id.* at 1053-54 (citations omitted)(concluding that "purported assignments of benefits to a health care provider, in the face of a non-assignment clause in a group health care policy, are considered to be void and unenforceable against the insurer"). I decline to extend the ruling of *Parrish Chiropractic v. Progressive, supra*, to this property damage case.

      I conclude that Colorado law generally provides that "assignments of post-loss benefits are usually found to be valid regardless of any non-assignment clause in the policy." *Parrish Chiropractic v. Progressive Cas., supra,* 874 P.2d at 1053 (*citing Metropolitan Life Ins. Co. v. Lanigan*, 74 Colo. 386, 388, 222 P. 402, 403 (1924); *Lain v. Metropolitan Life Ins. Co.*, 388 Ill. 576, 58 N.E.2d 587, 588 (1944)). The underlying rationale for this rule is supported by the facts of this case – that (1) post-loss assignments of the benefits due under the policy are viewed as transfers of a chose in action and public policy favors the free alienability of choses in action, and (2) such assignments would not materially increase the insurer's risk or obligation under the policy. *Parrish Chiropractic v. Progressive., supra,* 874 P.2d at 1053 (*citing Kent General Hosp., Inc. v. Blue Cross & Blue Shield of Delaware, Inc.,* 442 A.2d 1368, 1370 (Del. 1982); *Santiago v. Safeway Ins. Co.*, 196 Ga.App. 480, 396 S.E.2d 506, 508 (1990)). Therefore, I reject Ohio Security's argument that Plaintiff's breach of contract claim must be dismissed at this time for failure to state a claim, because the insured's assignment of rights is invalid as a matter of Colorado law.

## V. Violations Under Colo. Rev. Stat. §§ 10-3-115 & 10-3-116

Ohio Security also argues that Plaintiff cannot state a claim for unreasonable delay/denial of payment of covered benefits, pursuant to Colo. Rev. Stat. §§ 10-3-115 & 10-3-116, because Plaintiff didn't suffer the loss nor is it owed benefits under the Policy. Rather, it argues that Sikh Dharma – as the sole insured party – is entitled to benefits and to sue for alleged violations of §10-3-115 and §10-3-116.

Section 10-3-1115(1)(a) provides that: "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Section 10-3-1116(1) provides that: "A first-party claimant . . . whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." Under both statutes, a first-party claimant "means an individual, corporation, association, partnership, or other legal entity asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy." Colo. Rev. Stat. §10-3-1115(1)(b).

A panel of the Colorado Court of Appeals has ruled that "a repair vendor that brought a claim against an insurer on behalf of its insured is a 'first-party claimant' under section 10-3-1115, C.R.S. 2012, and is entitled to sue the insurer under section 10-3-1116, C.R.S. 2012." *Kyle W. Larson Enterprises, Inc. v. Allstate Ins. Co.*, 305 P.3d 409, 413 (Colo. App. 2012), *cert. denied* 2013WL3323525 (2013). However, Judge R. Brooke Jackson has recently ruled that although the issue has not yet been decided, he predicts that claims brought under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 are statutory penalties and, therefore, are not assignable. *Hernandez v. Am. Standard Ins. Co. of Wisc.*, No. 11-cv-03076-RBJ, 2013 WL 6633392 (D.

Colo. Dec. 16, 2013).  In so doing, Judge Jackson applied the test set forth in *Kruse v. McKenna*, 178 P.3d 1198, 1201 (Colo. 2008) to conclude that a claim brought pursuant to §10-3-1115 and §10-3-1116 constitutes a statutory penalty.  *Hernandez v. Am. Standard Ins., supra* (listing several state and federal decisions that viewed or treated the statutes as a penalty)*; see also Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.,* No. 14-cv-01642-PAB-KLM, 2015 WL 5047640 (D. Colo. Aug. 27, 2015)(finding that Section 10-3-1116(1) satisfies the *Kruse v. McKenna* test and "is thus properly characterized as a statutory penalty" for purposes of determining the applicable statute of limitations).   Because the statute creates a penalty, the claim to recover such penalty is not assignable under Colorado law.  *Hernandez v. Am. Standard Ins., supra (citing Kruse v. McKenna, supra*, 178 P.3d at 1201; *US Fax Law Center, Inc. v. iHire, Inc.*, 362 F.Supp.2d 1248, 1253 (D.Colo. 2005)).

  I find the rationale of Judge Jackson in *Hernandez v. Am. Standard Ins., supra,* to be persuasive and applicable here.  Because Plaintiff in this case has no entitlement to recover the penalty absent the assignment, it therefore lacks standing to pursue the claim.  *Id.*  As a result, I grant Ohio Security's request to dismiss Plaintiff's claim brought pursuant to Colo. Rev. Stat. §10-3-1115 and §10-3-1116 for failure to state a legally cognizable or plausible claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

ACCORDINGLY, for the foregoing reasons, I GRANT IN PART and DENY IN PART the Motion To Dismiss filed by Ohio Security [**Doc #8**] as follows:

1) I DENY the motion as to Plaintiff's First Claim for Relief for Breach of Contract; and

2) I GRANT the motion as to Plaintiff's Second Claim for Relief for Unreasonable Delay or Denial of Payment of Covered Benefits Pursuant to Colo. Rev. Statutes §10-3-1115 and §10-3-1116 and, as a result, I DISMISS Plaintiff's Second Claim for Relief under Fed. R. Civ. P. 12(b)(6).

Dated: December   17   , 2015 in Denver, Colorado.

                                                BY THE COURT:

                                                   s/Lewis T. Babcock
                                                LEWIS T. BABCOCK, JUDGE